UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.  CRIMINAL ACTION NO: 2:14cr65

**MARSHA KING,**

    Defendant.

**MEMORANDUM ORDER**

This matter comes before the court on the Defendant's renewed Motion for a Judgment of Acquittal on Counts 8, 9, and 15 of the Superseding Indictment.

I.

At the conclusion of the Government's case-in-chief, the Defendant's right to make appropriate motions was preserved on the record. Accordingly, after the Defendant presented her evidence, and the Government did not present any rebuttal evidence, the Defendant made a Motion for a Judgment of Acquittal ("Motion"), pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"). The Defendant so moved generally, as to all counts of the Superseding Indictment, and specifically, as to Counts 3, 7, 8, 9, 15, and 20 of the Superseding Indictment.[1] The Defendant argued that since the alleged victims

---

[1] Although the Government did not oppose, and made no argument on, the specific Motion as to Counts 3, 7, 8, 9, 15, and 20,

for the above-named six counts did not testify before the court, there was insufficient evidence to find the Defendant guilty beyond a reasonable doubt of aggravated identity theft as to these individuals.[2] The court denied the Motion, both generally and specifically, to which the Defendant objected. The court advised defense counsel that he could renew, as appropriate, the Rule 29 Motion as to any specific counts after the jury returned a verdict.

On July 30, 2015, after a four-day jury trial, the jury returned a verdict finding the Defendant guilty of Counts 1, 2, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Superseding Indictment, and finding the Defendant not guilty of Counts 3, 6, 7, 18, 19, and 20 of the Superseding Indictment. Upon the Defendant's renewal of the specific Rule 29 Motion, the court found that the Motion was moot as to Counts 3, 7, and 20, because the jury found the Defendant not guilty of those charges. The court took under advisement the Defendant's Motion

---

stating that it would just rely on the court, the court is required to rule based on the law and the evidence presented to the jury, at the time a motion under Rule 29 is made.

[2] The essential elements of aggravated identity theft in this case are as follows: (1) that the defendant knowingly used, transferred, or possessed a means of identification of another person; (2) that the defendant used the means of identification during and in relation to the offense of theft of public money; and (3) that the defendant acted without lawful authority. See 18 U.S.C. § 1028A(a)(1); infra note 3 and accompanying text.

2

as to Counts 8, 9, and 15, on which the jury found the Defendant guilty.

## II.

Federal Rule of Criminal Procedure 29 allows a district court to enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). However, a court must sustain a jury's guilty verdict in a criminal case "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009) (internal quotations omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotations omitted). The court must consider "both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). "Stated plainly, a sufficiency challenge presents a heavy burden, which a defendant will only overcome in cases where the prosecution's failure is clear." United States v. Zayyad, 741 F.3d 452, 462 (4th Cir. 2014) (internal quotations omitted). As an important caveat, "[t]he jury, not the reviewing court, assesses the credibility of the witnesses

and resolves any conflicts in the evidence presented." United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004).

### III.

In this case, the jury's verdict reflects a deep and sophisticated understanding of the evidence presented during the course of the trial. The jury clearly considered the evidence, made rational credibility determinations, and found the Defendant guilty of only those charges on which it was convinced beyond a reasonable doubt of the Defendant's guilt.

As to Counts 8, 9, and 15, the victims did not testify, but nevertheless there was sufficient evidence for the jury to conclude that the Defendant was guilty of aggravated identity theft beyond a reasonable doubt. As an initial matter, there is no requirement that a victim of aggravated identity theft testify.[3] The Government provided testimony from a number of similarly-situated students, all of whom testified that the tax returns at issue were not authorized by them, not filed by them, and deposited into bank accounts of which they were not aware

---

[3] In point of fact, such a requirement would lead to certain injustice, as there are many circumstances in which a victim could not testify, such as if the victim were deceased, incapacitated, or too young to testify competently. The requirement is only that the victim be a person, living or dead. See, e.g., United States v. Jimenez, 507 F.3d 13, 22 (1st Cir. 2007) ("[T]he natural reading of the word 'person' in the phrase 'means of identification of another person' includes persons deceased.").

4

and of which they lacked access.[4] The Government also produced, and the court admitted without objection from the Defendant, hundreds of pages of bank records and IRS records, showing numerous tax refund deposits into various bank accounts that were not those of the tax filer, or a member of the filer's family. The jury reasonably and logically could have relied upon the bank and IRS records reflecting refunds to the student victims who did not testify to find that these victims had not authorized the filing of the tax returns on their behalf, using their names and social security numbers, and the depositing of the refunds into the respective accounts, all of which was consistent with the testimony of the eleven student victims who testified. Importantly, Government witness Meah King, the sister of the Defendant, testified that she kept the student paperwork for the afterschool program — Peer Power — she ran, including names, birthdates, and social security numbers of the affected students, at the apartment which she and the Defendant shared during the relevant time period, which testimony the jury was entitled to credit. From this testimony, the jury could have reasonably and logically concluded that the Defendant garnered the information to file the tax returns in question from her sister's records, and that none of the individuals at issue gave

---

[4] Moreover, the employer and wage information on the returns was false, as each of the students also testified that they had not been so employed at the time.

the Defendant his or her permission to use their personal information to file tax returns on his or her behalf.

Specifically, as to Count 8, in which the Defendant was charged with the aggravated identity theft of individual J.R., the jury could have based its finding on the fact that the tax refund was deposited into a bank account in the name of Starnisha Cunningham, to which account the Government presented evidence linking the Defendant. Likewise, the jury found the Defendant guilty on Count 5, in which victim Q.G.'s tax refund was deposited into the same Starnisha Cunningham account as in Count 8, namely a USAA bank account ending in 8807. Both Starnisha Cunningham and the Defendant testified that they met when the Defendant was a teacher's aide at the school at which Starnisha Cunningham completed the seventh grade, that they continued their friendship for some time thereafter, and that they have not been in contact for several years. Starnisha Cunningham further testified that she did not open the four accounts in her name,[5] that she had no knowledge of the bank accounts in her name, that she did not file the tax returns in question, and that she did not direct that any refunds be

---

[5] There were three other USAA accounts ending in 8793, 9171, and 0811 in Starnisha Cunningham's name, which are not the subject of this Motion. Ms. Cunningham also testified that she had no bank accounts, either then or now.

deposited into the USAA 8807 account, of which she had no knowledge.

Turning to Count 9, in which the Defendant was charged with the aggravated identity theft of individual D.A., the jury could reasonably and logically have based its finding on the fact that D.A.'s tax refund was deposited into a bank account held in the Defendant's name (a Navy Federal Credit Union ending in 3784), and the fact that the tax return was filed from an Internet Protocol ("IP") address linked to the Defendant's Sprint account. As to Count 15, in which the Defendant was charged with the aggravated identity theft of individual J.J., the jury could have reasonably and logically based its finding on the fact that J.J.'s tax refund was deposited into an account held in the Defendant's name (a Navy Federal Credit Union ending in 0209), and the fact that the tax return was filed from a University of Memphis IP address assigned to the Defendant.

Finally, the Defendant testified at length that she did not prepare or file the tax returns for any of the high school students in question, and she had no knowledge of such. She testified that her only involvement in the case arose from giving her permission to "others" to use her IP addresses from the University of Memphis and Sprint to file tax returns and to use her USAA bank accounts to deposit tax returns. The "others" included various family members and some friends, but not any of

the alleged victims. The Defendant also had no explanation for how the Starnisha Cunningham USAA 8807 account at issue here was opened with funds transferred from the Navy Federal Credit Union 3784 account, which account was opened and held in the Defendant's name.[6] The Defendant further claimed that she did not check her account transactions and statements, on paper or online, during the relevant time period. Clearly, given the jury's verdict, the jury weighed the Defendant's credibility and ultimately did not believe her testimony summarized above.[7]

IV.

Considering all the facts and reasonable inferences in favor of the Government, as the court must do following a jury's finding of guilt, there is more than sufficient evidence to support the convictions on the three disputed counts, as well as the other nine counts on which the jury found the Defendant guilty.[8] Accordingly, the Motion for a Judgment of Acquittal on Counts 8, 9, and 15 is **DENIED**, and the jury's verdict remains in effect on all counts of conviction.

---

[6] See supra note 5 and accompanying text.

[7] See infra note 8.

[8] There was sufficient evidence to support a finding of guilt both at the conclusion of the Government's case-in-chief and after the Defendant presented her evidence. As the Defendant's evidence consisted solely of her testimony, the jury was free to assess the credibility of various witnesses, including the Defendant, and was entitled to weigh the evidence offered by the parties to reach its verdict.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the Defendant and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

August 6, 2015